# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF INDIANA; COMMON CAUSE INDIANA; HOOSIER ASIAN AMERICAN POWER; and EXODUS REFUGEE IMMIGRATION,<br><br>*Plaintiffs,*<br><br>v.<br><br>DIEGO MORALES, in his official capacity as Secretary of State for Indiana; J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division; and ANGELA M. NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division,<br><br>*Defendants.* | Civil Action No. 1:25-cv-02150-MPB-MJD |

## REQUEST FOR EXPEDITED PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs LEAGUE OF WOMEN VOTERS OF INDIANA, COMMON CAUSE INDIANA, HOOSIER ASIAN AMERICAN POWER, and EXODUS REFUGEE IMMIGRATION (collectively, "Plaintiffs"), by counsel, hereby request that the Defendants, DIEGO MORALES, J. BRADLEY KING, and ANGELA M. NUSSMEYER (collectively, "Defendants"), produce the documents and things listed in categories below for inspection ("Requests").

Notwithstanding any definition below, the terms used in these Requests shall be construed and defined to have the broadest meaning permitted under the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning. Words or terms not specifically defined herein have the meaning commonly understood, and no definition or example is intended to be exclusive. Words or teams used herein, and all Definitions and

1

Instructions pertinent thereto, have the same intent and meaning regardless of whether the word or term are depicted in lower-case or upper-case letters.

## DEFINITIONS

1. "Document(s)" is defined to mean all originals of any written, printed, types, recorded, or other graphic materials of any kind or nature and all non-identical copies thereof in the actual or construction possession, custody or control of Defendants or their designated representatives or counsel regardless of where located. The term "documents" shall also include, without limitation, the following, whether in draft or final form: all writings, contracts, records, reports, notes, diagrams, accounting records, checks, microfilm, booklets, pamphlets, computer runs, summary or analysis of computer runs, blueprints, flowsheets, interoffice communications, newsletters, acknowledgments, files, audio or video tape recordings, correspondence, communications, electronic mail (e-mail), summaries, notes (including summaries or notes of conversations), diaries, journals, letters, telegrams, memoranda, notebooks, drawings, graphs, charts, photographs, phono-records, including information stored by computer, on diskette, electronically, and other data compilations or other media from which information can be obtained, and all other documents contemplated by the Indiana Rules of Trial Procedure, of every kind and description, in the actual or constructive possession, care, custody, or control of Defendants or their designated representatives or counsel. In any case where the original or non-identical copy is not available, the term "documents" includes an identical copy of an original or a copy of a non-identical copy. Any document bearing notations, markings, or writings of any kind different from the original shall be treated as an original document. A draft or non-identical copy is a separate document within the meaning of this term.

2. "Communication(s)" means any Document that comprises, embodies, memorializes, reflects, or refers to any transmission of information from one Person to another, including, without limitation, any correspondence, contact, discussion, written, electronic, or oral exchange. This includes relevant hard-copy files, correspondence files, appropriate locations on hard drives and shared drives, emails, text messages or other direct messaging systems (such as iMessage, WhatsApp, Signal, Instagram, or X.com direct messages), voicemail messages, instant messaging systems such as Lync or ICQ, and shared messaging systems such as Slack or Teams. Each Request that seeks information relating in any way to Communications to, from, or within an entity is hereby designated to mean, and should be construed to include, all Communications by and between any representatives, employees, attorneys, accountants, auditors, investigators, and/or agents of the entity, and/or any other Persons acting on that entity's behalf or under its direction or control. Any reference to "All Communications" refers to all Documents related to Communications.

3. "Individual(s)" includes, but is not limited to, a natural person, firm, association, company, organization, partnership, business, sole proprietorship, joint venture, trust, corporation, limited liability corporation, public entity and every form and kind of entity. Reference herein to "person" includes the agents, employees, attorneys, accountants, investigators and representatives of any such "person" and anyone acting or purporting to act for or on behalf of such "person."

4. "Individualized Voter Information" includes, but is not limited to, all information kept within the Indiana State Voter Registration System ("SVRS"), including full name, residential address, mailing address (if different), full date of birth, phone number, email address, voter ID number, any associated state-issued ID numbers (such as driver's license number), all

registration dates including earliest and most recent registration date, and current voter registration status, including whether the voter is (i) currently active; (ii) inactive but not canceled; (iii) re-registered; (iv) canceled at the individual's request; or (v) canceled by Defendants.

5. "Current-Voter Citizenship Crosscheck Requirement" means Section 17 of Indiana Public Law 65-2024 codified at Indiana Code ("I.C.") § 3-7-38.2-7.3.

6. "New-Registrant Citizenship Crosscheck Requirement" means Section 5 of Indiana Public Law 241-2025 codified at I.C. § 3-7-26.3-37.

7. "Challenged DPOC Provisions" means I.C. § 3-7-38.2-7.3 and § 3-7-26.3-37 collectively.

8. "DPOC" means Documentary Proof of Citizenship, as defined in I.C. § 3-7-38.2-7.3(a).

9. "You" and "Your" mean and refer, collectively and individually, to the Indiana Secretary of State, the Indiana Secretary of State's Office, the Indiana Election Division, and any employees, staff, officers, agents, or representatives of the Indiana Secretary of State's Office or Indiana Election Division.

10. The following rules of construction apply to all Requests:

   a. The terms "all" and "any" shall each be construed as encompassing any and all;

   b. Use of the singular form of any word includes the plural (and vice versa); and

   c. The connective terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of its scope.

## **INSTRUCTIONS**

1. These Requests call for the production of all responsive Documents that are within Your possession, custody, or control. A Document is in Your "possession, custody, or control" if it is in Your physical possession, or if, upon request, You are entitled to obtain possession of the Document or a copy thereof from another person or entity that has physical possession of the Document.

2. Each Request shall be construed according to its most inclusive meaning so that if information or a document is responsive to any reasonable interpretation of the request, the information or document is responsive.

3. Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

4. If You object to a particular Request and refuse the answer that part, identify that portion of the request to which You object and respond to the portion of that request not subject to that objection.

5. If You object to any Request as vague or unclear, assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

6. If You object to any Request as overbroad, provide a response that narrows the Request in a way that eliminates the purported over-breadth, state the extent to which Your response has narrowed the Request, and respond to the narrowed Request.

7. If any Document or category of Documents is not produced in full, state with particularity the reason or reasons it is not being produced in full, and describe, to the best of

5

Your knowledge, information, and belief, and with as much particularity as possible, the Document or portions of the Document that are not being produced.

8. If You are unable to respond to any of the Requests fully and completely, after exercising due diligence to obtain the information necessary to provide a full and complete response, so state, and answer each such Request to the fullest extent possible, specifying the extent of Your knowledge and Your inability to answer the remainder, and setting forth whatever information or knowledge You may have concerning the unanswered portions thereof and efforts You made to obtain the requested information. If You have no information responsive to a Request, then state that to be the case.

9. With respect to any documents specified for which a claim of privilege or work product is made, please indicate the nature of the document; the general subject matter; identify name, address, occupation, title, and business affiliation of the writer, the addressee and all recipients; its date; and a brief description of the rationale for the privilege designation.

10. These Requests impose a continuing obligation subsequent to this initial production to timely supplement Your response or production if You determine that Your response or production is incomplete or incorrect Document was created.

11. The collection and production of Documents shall be performed in a manner that ensures that the source of each Document may be determined, if necessary.

12. All Documents requested must be produced (along with any draft(s) thereof) in their entirety, without abbreviation, expurgation, or redaction.

13. The parties may meet and confer about an appropriate ESI protocol, as needed. Notwithstanding, all documents are to be produced in electronic form.

## **REQUESTS FOR PRODUCTION**

Please produce the following Documents and materials or tangible items:

1. Individualized voter information for:

   a. All registered voters who registered, received a 30-day notice pursuant to the Current-Voter Citizenship Crosscheck Requirement, and provided DPOC.

   b. All registered voters who registered, received a 30-day notice pursuant to the Current-Voter Citizenship Crosscheck Requirement, failed to provide DPOC, and who have now been removed from the rolls.

   c. All registered voters who registered, received a 30-day notice pursuant to the Current-Voter Citizenship Crosscheck Requirement, failed to provide DPOC, and appealed their removal, including the status of these appeals.

   d. All registered voters who registered, received a 30-day notice that has yet to expire pursuant to the Current-Voter Citizenship Crosscheck Requirement, and have yet to provide DPOC.

   e. All registered voters who registered, have been flagged to receive a 30-day notice pursuant to the Current-Voter Citizenship Crosscheck Requirement, but that notice has not yet been sent.

   f. All individuals who attempted to register to vote, received a 30-day notice pursuant to the New-Registrant Citizenship Crosscheck Requirement and provided DPOC.

   g. All individuals who attempted to register to vote, received a 30-day notice pursuant to the New-Registrant Citizenship Crosscheck Requirement and did not provide DPOC and therefore had their registration application rejected.

      h. All individuals who attempted to register to vote, received a 30-day notice that has yet to expire pursuant to the New-Registrant Citizenship Crosscheck Requirement, and have yet to provide DPOC.

2. All memoranda, policies, reports, guidance, instructions, data, summaries, or similar Documents regarding the implementation of any aspect of the Challenged DPOC Provisions.

Dated: November 26, 2025　　　　　　　　　　　Respectfully submitted,

*/s/ William R. Groth*
William R. Groth (Ind. Bar No. 7325-49)
Daniel Bowman (Ind. Bar No. 31691-49)
Bowman Legal Services, LLC
9292 N Meridian Street, Suite 311
Indianapolis, IN 46260
(317) 912-3220
daniel@bowmanlegalservices.com
wgroth@fdgtlaborlaw.com

*/s/ Aneel Chablani*
Aneel Chablani*
Ami Gandhi (Ind. Bar No. 38542-53)
Conner Kozisek*
Chicago Lawyers' Committee for Civil Rights
25 East Washington Street, Suite 1300
Chicago, IL 60602
(312) 630-9744
achablani@clccrul.org
agandhi@clccrul.org
ckozisek@clccrul.org

*/s/ Robert Weiner*
Robert Weiner*
Ryan Snow*
Grace Thomas*
Samantha Heyward*
Lawyers' Committee for Civil Rights Under Law

8

                    1500 K Street NW, Suite 900  
                    Washington, DC 20005  
                    (202) 662-8600  
                    rweiner@lawyerscommittee.org  
                    rsnow@lawyerscommittee.org  
                    gthomas@lawyerscommittee.org  
                    sheyward@lawyerscommittee.org  

                    *Counsel for Plaintiffs*

                    *\*Appearing Pro hac vice*