# Exhibit D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF INDIANA; COMMON CAUSE INDIANA; HOOSIER ASIAN AMERICAN POWER; and EXODUS REFUGEE IMMIGRATION, <br><br> *Plaintiffs,* <br><br> v. <br><br> DIEGO MORALES, in his official capacity as Secretary of State for Indiana; J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division; and ANGELA M. NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division, <br><br> *Defendants.* | Civil Action No 1:25-cv-02150-MPB-MJD |

**DECLARATION OF EXODUS REFUGEE IMMIGRATION**

Cole Varga declares the following pursuant to 28 U.S.C. § 1746.

1.      I currently serve as CEO at Exodus Refugee Immigration ("Exodus"). I have served in this role since 2016. I began my employment at Exodus in 2009.

2.      Exodus is a nonpartisan, nonprofit organization focused on welcoming and assisting refugees and humanitarian immigrants resettling in the United States and seeking to establish lives in Indiana. The clients and communities that Exodus serves include individuals pursuing U.S. citizenship and who have become U.S. citizens. Exodus has offices in Indianapolis and Bloomington, Indiana.

3.      In my capacity as CEO, I am familiar with the new requirements imposed on voters by the Current-Voter Citizenship Crosscheck Requirements, under I.C. §§ 3-7-38.2-7.3, and the

New-Registrant Citizenship Crosscheck Requirement, I.C. §§ 3-7-26.3-37 (collectively, "Challenged DPOC Provisions").

4.      In 2024, Exodus assisted over 3,000 refugees and other humanitarian immigrants with immigration services, spanning naturalization, asylum, and obtaining legal permanent residency, among other services.

5.      Exodus also works to eliminate barriers to voting, by helping naturalized citizens register to vote.

6.      Because of the Challenged DPOC Provisions, Exodus's legal team has diverted time and resources into training staff members, to ensure staff is prepared to answer questions regarding voting as a naturalized citizen. Exodus will need to further divert resources to training staff.

7.      Exodus must steer resources from its core mission of refugee and immigrant resettlement to civic education because of the Challenged DPOC Provisions.

8.      Exodus has suffered irreparable harm due to the implementation of the Challenged DPOC Provisions, and Exodus expects to experience further harm absent relief.

9.      Exodus currently lacks information on the scope of Defendants' implementation of the Challenged DPOC Provisions and how many of its clients are affected. As a result, organization leaders, individuals, and voters are confused about how the Challenged DPOC Provisions have been, and will continue to be, implemented, and the extent to which the Challenged DPOC Provisions may irreparably harm its clients in light of the April 6, 2026, voter registration deadline for Indiana's next primary election.

10.      Exodus understands that Indiana's 92 counties are implementing the Challenged DPOC Provisions in different ways. Information concerning implementation of the law would

allow Exodus to better understand the extent to which the Challenged DPOC Provisions are harming its clients, many of whom are naturalized citizens. This information would also help Exodus determine how much more time and resources it must divert from its core mission to address the harms imposed by the Challenged DPOC Provisions.

      I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 24, 2025            Respectfully submitted,

/s/ _____

Cole Varga
CEO
Exodus Refugee Immigration