**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

LEAGUE OF WOMEN VOTERS OF
INDIANA; COMMON CAUSE INDIANA;
HOOSIER ASIAN AMERICAN POWER; and
EXODUS REFUGEE IMMIGRATION,

       *Plaintiffs,*

    v.

DIEGO MORALES, in his official capacity as
Secretary of State for Indiana; J. BRADLEY
KING, in his official capacity as Co-Director of
the Indiana Election Division; and ANGELA M.
NUSSMEYER, in her official capacity as Co-
Director of the Indiana Election Division,

       *Defendants.*

Civil Action No. 1:25-cv-02150-MPB-MJD

**SUPPLEMENTAL JOINT REPORT ON THE STATUS OF DISCOVERY**

Pursuant to the April 15, 2026, Scheduling Order (Dkt. 80), the Parties in *League of Women Voters of Indiana, et al. v. Morales, et al.*, 1:25-cv-02150, jointly submit this supplemental report regarding the current status of discovery.

**1.    A detailed description of all discovery completed within the preceding 28 days.**

    *a.    Joint Statement*

The Parties continue to be actively engaged in discovery. Since the April 27 Joint Report on the Status of Discovery, Plaintiffs have produced the following discovery responsive to Defendants' discovery requests:

        i.    40 additional documents from Hoosier Asian American Power produced on May 12, 2026;

        ii.    10 additional documents from the League of Women Voters of Indiana produced on May 18, 2026; and

    iii.    9 additional documents from Common Cause Indiana produced on May 22, 2026

Additionally, the Parties have begun to engage in FRCP 30(b)(6) depositions. Defendants have conducted the following FRCP 30(b)(6) depositions of Plaintiff organizations:

    i.    The deposition of Hoosier Asian American Power's designee, Melissa Borja, was taken on May 14, 2026; and

    ii.    The deposition of League of Women Voters of Indiana's designee, Linda Hanson, was taken on May 20, 2026.

The FRCP 30(b)(6) depositions for the remaining two Plaintiff organizations and Plaintiffs' expert Dr. Michael McDonald have been noticed.

On April 29, 2026, Plaintiffs served a subpoena on the Indiana Bureau of Motor Vehicles to produce documents. On May 13, counsel for Defendants confirmed that they would also be representing the Indiana Bureau of Motor Vehicles in responding to the subpoena. The Parties are in communication regarding production of records and the timeline for production.

On May 1, 2026, Defendants provided Plaintiffs via email with an explanation and description of the various lists of individuals identified through the Challenged DPOC Provisions thus far produced by Defendants, including the date each list was generated, and on May 6 emailed Plaintiffs to correct the generation dates of two of the lists.

**2.    A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

    *a.    Joint Statement*

At their meet-and-confer on May 1, Defendants agreed to produce an updated and corrected list that is complete and accurate in including all individuals identified through the Challenged DPOC Provisions as of the date the list is created when such list is made available to them by the

third-party list maintenance entity, Civix. At the May 1 meet and confer between Plaintiffs and Defendants, Defendants estimated providing that updated and corrected list by May 4. Production of this list is currently pending, and Defendants will produce it promptly upon receipt from Civix. Defendants have prompted Civix for an update as of the date of this joint report.

Defendants have noticed FRCP 30(b)(6) depositions for each Plaintiff, and Plaintiffs served responses and objections on April 22, 2026. Two such depositions still have yet to be taken but are scheduled as follows:

      i.      Common Cause Indiana designee Julia Vaughn on May 28.

            a.      John Oberdorf will conduct the deposition for Defendants.

            b.      Samantha Heyward will defend the deposition for Plaintiffs.

      ii.      Exodus Refugee Immigration designee Rachel VanTyle on June 4.

            a.      John Oberdorf will conduct the deposition for Defendants.

            b.      Ryan Snow will defend the deposition for Plaintiffs.

Additionally, Defendants have issued subpoenas and deposition notices for Declarants and the Expert Witness cited in the Preliminary Injunction Motion, filed on May 8, 2026. Dkt. 84. Defendants are currently engaging in conversations to schedule several of these depositions. Thus far, the following depositions have been scheduled:

      i.      The deposition of Dr. Michael P. McDonald is scheduled for May 26, 2026.

            a.    John Oberdorf conducted the deposition for Defendants.

            b.    Grace Thomas defended the deposition for Plaintiffs.

      ii.      The deposition of Declarant Carola Clark is scheduled for June 5, 2026.

            a.    John Oberdorf will conduct the deposition for Defendants.

            b.    Grace Thomas will defend the deposition for Ms. Clark.

      iii.      The deposition of Declarant Luciana Indiana Lugado Victoriano is scheduled for May 28, 2026.

a. John Oberdorf will conduct the deposition for Defendants.

b. Conner Kozisek will attend the deposition for Plaintiffs.

iv. The deposition of Declarant Beatrix Shelby is scheduled for June 2, 2026.

a. John Oberdorf will conduct the deposition for Defendants.

b. Ami Gandhi will attend the deposition for Plaintiffs.

3. **A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute.**

a. *Joint Statement*

The Parties continue to meet and confer regarding the timing of Defendants' production of an updated and corrected list that is complete and accurate in including all individuals identified through the Challenged DPOC Provisions as of the date the list is created as described *supra* Section 2. Multiple counsel for both Parties will continue to be responsible for resolving any disputes as to the timing for production of the updated and corrected list.

b. *Plaintiffs' Supplemental Statement*

Plaintiffs have continued to reiterate their request for an updated and corrected list that is complete and accurate in including all individuals identified through the Challenged DPOC Provisions as of the date the list is created. While Defendants have averred that they have produced such a list, labeled Bates Number LWVI000438 and generated on March 26, 2026, Plaintiffs identified hundreds of individuals who did not appear on this list yet appeared on others of Defendants' lists, and ultimately had to hire an expert witness to analyze the various lists. *See* Ex. 10 to Plaintiffs' Motion for a Preliminary Injunction, ECF 84-11.

Plaintiffs have also reiterated, and Defendants have acknowledged, the need for an updated, complete and accurate list to be produced at regular intervals given the dynamic nature of the list reflecting both the changing registration status of individuals included in the list and the hundreds

4

of additional individuals being identified through the Challenged DPOC Provisions on an ongoing basis.

As of May 1, 2026, Defendants explained they are in the process of conferring with Civix to confirm when an updated, complete and accurate list can be provided, and agreed in principle to providing updated versions of this list at regular intervals. At the May 1 meet-and-confer between Plaintiffs and Defendants, Defendants estimated providing that updated and corrected list by May 4. However, no further list or update as to timing for production of this list has yet been provided to Plaintiffs.

   c.    *Defendants' Supplemental Statement*

Defendants continue to cooperate in complying with Plaintiffs' discovery request and will aggressively seek an update from Civix on when to expect updated reports.

**4.    A detailed description of all discovery that is planned to be completed within the 28-day period following the report, including the identity of the counsel responsible for completing such discovery.**

   a.    *Joint Statement*

Within the next 28-day period, Defendants will produce an updated and corrected list that is complete and accurate in including all individuals identified through the Challenged DPOC Provisions as of the date the list is generated, as described *supra* Sections 2 and 3. John Oberdorf is responsible for ensuring completion of this production. Multiple counsel for both Parties will continue to communicate and meet and confer as needed to aid in the production.

Within the next 28-day period, Plaintiffs will produce witnesses for the remaining two FRCP 30(b)(6) depositions. Plaintiffs also produced the Expert Witness for deposition on the day this Joint Report is submitted.

Within the next 28-day period, the Indiana Bureau of Motor Vehicles will make an initial production of documents in response to Plaintiffs' April 29, 2026, subpoena. The Parties are

currently discussing this production. John Oberdorf is responsible for ensuring completion of this production. Multiple counsel for both Parties will continue to communicate and meet and confer as needed to aid in the production.

5. **A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

   a. *Joint Statement*

The Indiana Bureau of Motor Vehicles will complete production of documents in response to Plaintiffs' April 29, 2026, subpoena. The Parties are currently discussing this production. John Oberdorf is responsible for ensuring completion of this production. Multiple counsel for both Parties will continue to communicate and meet and confer as needed to aid in the production

The Parties have no other updates with respect to all known remaining discovery to be completed in this matter.

6. **Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any further delays in the completion of discovery in this matter.**

   a. *Joint Statement*

The Parties have no updates with respect to additional discovery issues. The Parties continue to reserve their right to identify and conduct additional discovery as needed before the August 21, 2026 fact discovery deadline.

   b. *Plaintiffs' Supplemental Statement*

Plaintiffs anticipate conducting additional discovery before the August 21, 2026, fact discovery deadline, potentially including, but not necessarily limited to: (i) conducting depositions of Defendants' representatives; (ii) participating in expert discovery; and/or (iii) issuing third-party subpoenas.

Dated: May 26, 2026

Respectfully submitted,

*/s/ Daniel Bowman*
William R. Groth (Ind. Bar No. 7325-49)
Daniel Bowman (Ind. Bar No. 31691-49)
Bowman Legal Services, LLC
9292 N Meridian Street, Suite 311
Indianapolis, IN 46260
(317) 912-3220
daniel@bowmanlegalservices.com
wgroth@fdgtlaborlaw.com

*/s/ Aneel Chablani*
Aneel Chablani*
Ami Gandhi (Ind. Bar No. 38542-53)
Conner Kozisek*
Chicago Lawyers' Committee for Civil Rights
25 East Washington Street, Suite 1300
Chicago, IL 60602
(312) 630-9744
achablani@ciccrul.org
agandhi@ciccrul.org
ckozisek@ciccrul.org

*/s/ Robert Weiner*
Robert Weiner*
Ryan Snow*
Grace Thomas*
Samantha Heyward*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8600
rweiner@lawyerscommittee.org
rsnow@lawyerscommittee.org
gthomas@lawyerscommittee.org
sheyward@lawyerscommittee.org

*Counsel for Plaintiffs*

*Appearing Pro hac vice

7

*/s/ John E. Oberdorf*
John E. Oberdorf
Bradley S. Davis
Deputy Attorney General
Attorney No. 37951-49
OFFICE OF ATTORNEY GENERAL
TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6217 (Oberdorf)
Facsimile: (317) 232-7979
E-mail: John.Oberdorf@atg.in.gov

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2026, a copy of the foregoing was filed by use of the Court's electronic filing system. Parties may access this document through the Court's electronic filing system.

By: */s/  Daniel Bowman*

Daniel Bowman