**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF INDIANA; COMMON CAUSE INDIANA; HOOSIER ASIAN AMERICAN POWER; and EXODUS REFUGEE IMMIGRATION,<br><br>*Plaintiffs,*<br><br>v.<br><br>DIEGO MORALES, in his official capacity as Secretary of State for Indiana; JOSEPH E. MCLAIN, in his official capacity as Co-Director of the Indiana Election Division; and ANGELA M. NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division,<br><br>*Defendants.* | Civil Action No. 1:25-cv-02150-MPB-MJD |

**SUPPLEMENTAL JOINT REPORT ON THE STATUS OF DISCOVERY**

Pursuant to the April 15, 2026, Scheduling Order (Dkt. 80), the Parties in *League of Women Voters of Indiana, et al. v. Morales, et al.*, 1:25-cv-02150, jointly submit this supplemental report regarding the current status of discovery.

**1. A detailed description of all discovery completed within the preceding 28 days.**

*a. Joint Statement*

The Parties continue to be actively engaged in discovery.

i. Party Discovery

Since the last Supplemental Joint Report on the Status of Discovery, dated July 20, 2026 (hereinafter, "July 20 Supplemental Joint Report") (Dkt. 107), Plaintiffs and Defendants have continued to produce responsive documents.

On August 5, 2026, Plaintiffs produced 2 documents from Exodus Refugee Immigration, responsive to Defendants' discovery requests.

Defendants have produced the following documents responsive to Plaintiffs' Second Set of Requests for Production:

i. On July 20, 2026, 1,274 documents from the Secretary of State ("SOS") and Indiana Election Division ("IED");

ii. On July 21, 2026, 830 documents from the IED;

iii. On August 4, 2026, 2,674 re-produced documents from the SOS and the IED; and

iv. On August 10, 2026, 416 documents from the Secretary of State.

The August 4 production was duplicative of prior productions with 43 documents that were redacted versions of previously produced documents Defendants had identified as covered by attorney-client privilege. Defendants have identified other documents previously produced as covered by attorney-client privilege and have clawed back those documents, too. Additionally, Defendants produced privilege logs with their July 16, August 4, and August 10 productions.

Defendants provided supplemental responses to Plaintiffs' interrogatories on August 3.

Plaintiffs have conducted the Federal Rules of Civil Procedure ("FRCP") 30(b)(6) depositions of the SOS and IED. On July 29, 2026, Plaintiffs conducted the deposition of SOS designee Kegan Prentice. Prentice was also deposed in his individual capacity. The Parties agreed to a second FRCP 30(b)(6) deposition of the SOS, and on August 11, 2026, Plaintiffs conducted the deposition of SOS designee Dustin Renner. On August 14, 2026, Plaintiffs conducted the deposition of IED designee, Angela Nussmeyer. Nussmeyer was also deposed in her individual capacity.

ii. <u>Third Party Discovery</u>

As previously described in the July 20 Supplemental Joint Report, Plaintiffs have served subpoenas for production of documents from and FRCP 30(b)(6) depositions of the Lake County Board of Elections and Registration, the Monroe County Clerk's Office, the Tippecanoe County

Board of Elections and Voter Registration, the Marion County Board of Voters Registration, the Hamilton County Clerk of the Circuit Court, and the Allen County Board of Registration.

As of the date of this Report, these entities have produced the following:

i. The Monroe County Clerk's Office produced 4 documents on July 23, 2026, and 5 documents on July 28, 2026;

ii. The Marion County Board of Voters Registration produced 11 documents on July 24, 2026, 1 document on July 31, 2026, and 8 documents on August 11, 2026; and

iii. The Allen County Board of Registration produced 14 documents on August 4, 2026.

iv. The Tippecanoe County Board of Election and Voter Registration produced 1 document on August 14, 2026.

As of the date of this report, the following deposition of these entities has occurred:

i. On August 3, 3026, Plaintiffs conducted the deposition of Katie Zuber, the designee of the Allen County Board of Registration.

Lastly, on August 6, 2026, Plaintiffs conducted the deposition of Matthew Kessian—the FRCP 30(b)(6) designee of the BMV.

*b. Plaintiffs' Statement*

During the SOS's FRCP 30(b)(6) designees' depositions, witnesses stated that they were not prepared or were underprepared to discuss topics noticed by Plaintiffs. Plaintiffs are working with Defendants to resolve (i) Defendants' failure to prepare either of the SOS's FRCP 30(b)(6) designees for deposition, and (ii) Defendants' deficient privilege logs. Plaintiffs also continue to notify and communicate with Defendants about documents within prior productions in which Defendants failed to withhold or redact certain documents for confidentiality concerns regarding voters' personally identifiable information.

i. Rule 30(b)(6) Depositions

As briefly noted above, the SOS originally designated Kegan Prentice as the FRCP 30(b)(6) designee. Plaintiffs conducted that deposition on July 29, 2026. However, Prentice was not adequately prepared for the deposition, as required by FRCP 30(b)(6). In response to many noticed topics, Prentice identified another person in his office, Dustin Renner, as the appropriate person to ask several questions. Rather than Plaintiffs seeking sanctions, the Parties conferred and agreed to conduct a second Rule 30(b)(6) deposition of an additional designee for the SOS, Dustin Renner. That deposition occurred on August 11, 2026. Renner was also not adequately prepared for the deposition and, *inter alia*, was unable to answer questions about various issues regarding the Challenged DPOC Provisions and documents produced in this litigation. In fact, Renner recommended that the SOS's general counsel, Jerry Bonnet, would be best positioned to speak about certain topics identified in the Rule(30)(b)(6) notice. Both Renner and Prentice also indicated that the SOS's third-party contractor, Civix Strategy Group would have more information about certain topics identified in the Rule 30(b)(6) notice. Because of the SOS's failure to meet its obligations to produce a witness educated on the Rule 30(b)(6) topics, Plaintiffs reserve their right to contest the sufficiency of the Rule 30(b)(6) depositions of the SOS.

i. Deficient Privilege Logs

As briefly noted above, Defendants have provided to Plaintiffs three privilege logs. Plaintiffs have concerns about the sufficiency of these logs, specifically that the logs do not contain enough information to "enable [Plaintiffs] to assess the claim[s]" of privilege, as required by FRCP 26(b)(5). Plaintiffs have raised these concerns to Defendants in a letter before the filing of this joint report.

*c. Defendants' Statement*

i. Rule 30(b)(6) Depositions

As noted above, due to issues with the original SOS designee (who ultimately testified for several hours), SOS designated Dustin Renner as a secondary designee witness. Mr. Renner ultimately testified for an additional several hours. It is Defendant's position that these two witnesses, combined, were sufficiently prepared and able to answer the questions posed by Plaintiffs. Plaintiffs have not confirmed that they are requesting further depositions. Defendants have inquired, and Plaintiffs have indicated they do not know whether there is additional information from depositions that Plaintiffs need at this point. As to the deposition of Angela Nussmeyer, it is Defendants' position that she was prepared and able to answer every relevant question posed.

ii. Deficient Privilege Logs

Defendants have committed to producing a supplemental privilege log consistent with the Rules on or before end of business on August 18, 2026. John Oberdorf is responsible for this task.

**2. A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

*a. Joint Statement*

As noted above, Plaintiffs have served subpoenas for production of documents from and FRCP 30(b)(6) depositions of the Lake County Board of Elections and Registration, the Monroe County Clerk's Office, the Tippecanoe County Board of Elections and Voter Registration, the Marion County Board of Voters Registration, the Hamilton County Clerk of the Circuit Court, and the Allen County Board of Registration. The following depositions remain pending:

i) The FRCP 30(b)(6) deposition of the Monroe County Clerk's Office is scheduled for August 18 at 10:00 a.m. ET;

ii) The FRCP 30(b)(6) deposition of the Tippecanoe County Board of Elections and Voter Registration is scheduled for August 20 at 9:30 a.m. ET;

iii) The FRCP 30(b)(6) deposition of the Marion County Board of Voters Registration is scheduled for August 20 at 10:00 a.m. ET;

iv) The FRCP 30(b)(6) deposition of the Hamilton County Clerk of the Circuit Court is scheduled for August 20 at 12:00 p.m. ET; and

v) The FRCP 30(b)(6) deposition of the Lake County Board of Elections and Registration is scheduled for August 21 at 1:30 p.m. ET.

Plaintiffs anticipate receiving additional document discovery from certain of these entities in advance of the depositions.

Additionally, Defendants will produce on or before August 21, 2026, an updated and corrected list containing all individuals identified through the Challenged DPOC Provisions as of that date. The Parties have agreed that Plaintiffs' expert, Dr. McDonald, may submit a supplemental expert report concerning this updated and corrected list thereafter. The Parties will move the court for leave to do this, since the deadline for Plaintiffs' disclosure of expert opinions has passed.

**3. A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute.**

*a. Joint Statement*

As detailed above, Plaintiffs and Defendants have conferred and continue to confer on addressing Defendants' privilege logs. *See supra* at Section 1(b)-(c); Section 2(b)-(c).

*b. Plaintiffs' Statement*

Plaintiffs reserve the right to file a Motion to Compel and/or a Motion for Sanctions as a result of the deficient Rule 30(b)(6) depositions of the SOS designees, as well as the deficient privilege logs, if not timely rectified. *See supra* at Section 1(b)-(c); Section 2(b)-(c).

*c. Defendants' Statement*

Defendants will timely respond to any motion to compel or motion for sanctions.

**4. A detailed description of all discovery that is planned to be completed within the 28-day period following the report, including the identity of the counsel responsible for completing such discovery.**

*a. Joint Statement*

Fact discovery is scheduled to close on August 21, 2026. Between the date of this report and that date, Plaintiffs will conduct the depositions of the five relevant governing bodies of the different counties and Defendants will produce a corrected and updated list containing all individuals identified through the Challenged DPOC Provisions.

**5. A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

*a. Joint Statement*

Defendants will complete production of documents in Response to Plaintiffs' Second Set of Requests for Production by August 21, 2026. John Oberdorf is responsible for ensuring completion of this production. Multiple counsel for both Parties will continue to communicate and meet and confer as needed to aid in production.

The Parties have agreed that Plaintiffs' expert, Dr. McDonald, may submit a supplemental expert report concerning this updated and corrected list thereafter. The Parties will move the court for leave to do this, since the deadline for Plaintiffs' disclosure of expert opinions has passed.

The Parties have no other updates with respect to all known remaining discovery to be completed in this matter, beyond what has been previously described.

**6. Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any further delays in the completion of discovery in this matter.**

*a. Joint Statement*

The Parties have no updates with respect to additional discovery issues. The Parties continue to reserve their right to identify and conduct additional discovery as needed before the fact discovery deadline and reserve their right to request an extension of these deadlines if needed.

Dated: August 17, 2026

Respectfully submitted,

*/s/ William R. Groth*
William R. Groth (Ind. Bar No. 7325-49)
Daniel Bowman (Ind. Bar No. 31691-49)
Bowman Legal Services, LLC
9292 N Meridian Street, Suite 311
Indianapolis, IN 46260
(317) 912-3220
daniel@bowmanlegalservices.com
wgroth@fdgtlaborlaw.com

*/s/Aneel Chablani*
Aneel Chablani*
Ami Gandhi (Ind. Bar No. 38542-53)
Christina Beeler*
Conner Kozisek*
Chicago Lawyers' Committee for Civil Rights
25 East Washington Street, Suite 1300
Chicago, IL 60602
(312) 630-9744
achablani@ciccrul.org
agandhi@ciccrul.org
cbeeler@clccrul.org

ckozisek@ciccrul.org

*/s/ Robert Weiner*
Robert Weiner*
Ryan Snow*
Grace Thomas*
Samantha Heyward*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8600
rweiner@lawyerscommittee.org
rsnow@lawyerscommittee.org
gthomas@lawyerscommittee.org
sheyward@lawyerscommittee.org

*Counsel for Plaintiffs*
*Appearing Pro hac vice

*/s/ John E. Oberdorf*
John E. Oberdorf (No. 37951-49)
Ellen Marie Queen (No. 32726-49)
Drew Green (No. 39704-53)
Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6217 (Oberdorf)
Facsimile: (317) 232-7979
E-mail: John.Oberdorf@atg.in.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2026, a copy of the foregoing was filed by use of the Court's electronic filing system. Parties may access this document through the Court's electronic filing system.

By: */s/ John Oberdorf*
John Oberdorf
Deputy Attorney General

OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6217
Facsimile: (317) 232-7979
E-mail: john.oberdorf@atg.in.gov