**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF INDIANA et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 1:25-cv-02150-MPB-MJD |
| MORALES et al, | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT DETERMINATION IN RELEVANT CASES**

Defendants, by counsel, state that:

1. Discovery closes in this case on August 21, 2026, with dispositive motions due by September 18, 2026. Dkt. 34.
2. This case is set for a bench trial on June 8, 2027, with a final pretrial conference set for May 6, 2027. Dkt. 59.
3. A decision is pending on Plaintiffs' Motion for Preliminary Injunction. Dkt. 84.
4. There are two cases currently docketed with the U.S. Supreme Court that will address whether the National Voter Registration Act preempts states from requiring documentary proof of citizenship: *Republican National Committee v. Mi Familia Vota, et al.,* docketed at 25-1017, and *Warren Petersen, et al., v. Mi Familia Vota, et al.,* docketed at 25-1019.
5. Whether the NVRA preempts a state's proof of citizenship requirement is a core aspect of the present case. It is therefore highly likely that the Supreme Court

decisions on the aforementioned cases will have some binding authority on the issues in the present case.

6. Given that, the Defendants believe that it would not be a good use of resources to proceed beyond the close of discovery in this action, and that this action should be stayed pending a decision in the Supreme Court.

7. Courts have inherent authority to stay a proceeding in the course of docket management. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court should balance the competing interest of the parties and the interests of the judicial system. *Id*. Factors for the Court to consider include whether a stay would unduly prejudice or tactically disadvantage the non-movant, whether a stay will simplify the issues in question, and whether a stay would reduce the burden of litigation on the parties and the Court. *Markel American Ins. Co. v. Dolan*, 787 F. Supp.2d 776, 779 (N.D. Ill. 2011).

8. Here, there is no undue prejudice or tactical disadvantage to the Plaintiffs if the case is stayed. A stay will not have any adverse effect on the preservation of evidence. Indeed, given Plaintiffs substantial delay in seeking a preliminary injunction, it is apparent that the Challenged Statutes do not pose an issue that must be urgently addressed.

9. Further, waiting for the Supreme Court's analysis will significantly streamline litigation and reduce the burden on all involved in this case. As it stands, there is a circuit split on the question of interaction between the NVRA and state laws requiring proof of citizenship. Having an authoritative analysis is sure to better enable the Court in its decision-making and better equip the Parties to argue their position.

10. Consequently, Defendants propose that this case be stayed pending the Supreme Court decisions in *RNC v. Mi Familia Vota* and *Petersen v. Mi Familia Vota*, and that the parties file a status report with the Court no later than thirty days following the Supreme Court decisions.

11. Undersigned counsel has conferred with Plaintiffs' counsel on this motion, and Plaintiffs' counsel have indicated that they will oppose the motion.

WHEREFORE, the Defendants request that this Court:

1. Vacate the trial setting in this case, and stay all proceedings pending the Supreme Court's decisions in *Republican National Committee v. Mi Familia Vota* (25-1017) and *Petersen v. Mi Familia Vota* (25-1019);

2. Provide that the stay may be vacated upon a showing of good cause by either party;

3. Provide that the stay does not affect pending discovery;

4. Order that the parties file a status report no later than thirty days following the Supreme Court's decisions in *RNC* and *Petersen*;

5. Provide all other proper relief.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Attorney No. 18857-49

Date: August 20, 2026

By: */s/ John Oberdorf*
John E. Oberdorf
Drew Green
E. Marie Queen
Office of Attorney General Todd Rokita
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone/Fax: (317) 232-6217/(317) 232-7979
E-mail: John.Oberdorf@atg.in.gov

**CERTIFICATE OF SERVICE**

I certify that on August 20, 2026, I transmitted via electronic mail a copy of the foregoing to all parties, c/o their respective counsel.

By: */s/ John E. Oberdorf*
John E. Oberdorf
Deputy Attorney General
Attorney No. 37951-49

OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: 317-232-6217 (Oberdorf)
Facsimile: (317) 232-7979
E-mail: John.Oberdorf@atg.in.gov