**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF INDIANA; COMMON CAUSE INDIANA; HOOSIER ASIAN AMERICAN POWER; and EXODUS REFUGEE IMMIGRATION,<br><br>*Plaintiffs,*<br><br>v.<br><br>DIEGO MORALES, in his official capacity as Secretary of State for Indiana; JOSEPH E. MCLAIN, in his official capacity as Co-Director of the Indiana Election Division; and ANGELA M. NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division,<br><br>*Defendants.* | Civil Action No. 1:25-cv-02150-MPB-MJD |

**PLAINTIFFS' STATEMENT OF CLAIMS**

Plaintiffs League of Women Voters of Indiana, Common Cause Indiana, Hoosier Asian American Power, and Exodus Refugee Immigration (collectively, "Plaintiffs"), by counsel, hereby file their Statement of Claims regarding the following claims upon which they have the burden of proof and which they intend to prove at trial, pursuant to order of this Court. Case Mgmt. Plan, Dkt. 34.

## I. Nature of the Action

To vote, every Hoosier swears on their voter registration application that they are a U.S. citizen. Despite this protection, Defendants aim to make registering and voting more difficult for naturalized and derived U.S. citizens by requiring them to provide documentary proof of citizenship. Plaintiffs bring this action under the National Voter Registration Act of 1993 ("NVRA") and the Civil Rights Act of 1964 ("CRA"). Plaintiffs intend to prove that Defendants Diego Morales, in his official capacity as Secretary of State for Indiana; Joseph E. McLain, in his

official capacity as Co-Director of the Indiana Election Division; and Angela M. Nussmeyer, in her official capacity as Co-Director of the Indiana Election Division, are violating the NVRA and CRA through the unlawful implementation of

- Section 17 of Indiana Public Law 65-2024 (House Enrolled Act ("HEA"),
- 1264's "Current-Voter Citizenship Crosscheck Requirement"), codified at Indiana Code ("I.C.") § 3-7-38.2-7.3, and
- Section 9 of Indiana Public Law 241-2025 (HEA 1680's "New-Registrant Citizenship Crosscheck Requirement"), codified at I.C. § 3-7-26.3-37 (collectively, "Challenged DPOC Provisions").

In addition, Plaintiffs intend to prove that Defendants violated the NVRA Public Records Provision by withholding voter records and other information that must be disclosed.

The Current-Voter Citizenship Crosscheck Requirement directs the Co-Directors of the Indiana Election Division ("IED") as the Indiana "NVRA official[s]" to compare Indiana's statewide voter registration file with the Indiana Bureau of Motor Vehicles' ("BMV") database to identify registrants who were issued a "temporary credential" (*i.e.*, a temporary driver's license or identification card). The BMV issues temporary credentials to certain individuals who at that time are noncitizens and are lawfully in the United States. Many U.S. citizens continue to use their valid, unexpired temporary credential years after becoming a U.S. citizen. The Current-Voter Citizenship Crosscheck Requirement specifies that, to remain registered to vote, all registered voters identified as having a temporary credential must provide documentary proof of citizenship ("DPOC") upon receiving a notice from their county registration office. *See* I.C. § 3-7-38.2-7.3. Failure to respond results in a cancellation of the voter's registration. *Id.*

The New-Registrant Citizenship Crosscheck Requirement applies to individuals who

register to vote on or after July 1, 2025, and who provide a temporary credential number on their voter registration application. Like the Current-Voter Citizenship Crosscheck Requirement, the New-Registrant Citizenship Crosscheck Requirement requires these registrants to provide DPOC upon receiving a notice from county officials or else have their voter registration application rejected. *See* I.C. § 3-7-26.3-37.

## II. Jurisdiction and Venue

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims in this action arise under U.S. laws. This Court also has jurisdiction under 28 U.S.C. §§ 1343(a)(3), 1343(a)(4), and 1357. This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

This Court has personal jurisdiction over Defendants because they are citizens of Indiana.

Plaintiffs have Article III standing because each organization, to fulfill its core mission, had to divert resources to address harms engendered by the Challenged DPOC Provisions. These injuries are concrete, fairly traceable to the Challenged DPOC Provisions, and redressable by an order of this Court.

Venue is proper under 28 U.S.C. § 1391(b) because all Defendants are residents of Indiana and because a substantial portion of the events or omissions giving rise to these claims occurred in this District.

## III. Violation of the National Voter Registration Act and the Civil Rights Act of 1964

1. Section 6 of the NVRA requires states to "accept and use" the National Mail Voter Registration Form ("Federal Form"). 52 U.S.C. § 20505(a)(1). Plaintiffs intend to prove that, by requiring that flagged registrants and applicants provide DPOC, the Challenged DPOC Provisions compel registrants and applicants to provide

information not required by the Federal Form. The Challenged DPOC Provisions are therefore inconsistent with the requirements of Section 6 of the NVRA.

2. States such as Indiana may promulgate and accept their own voter registration forms for federal elections under certain circumstances. Indiana has created a State Form that allows Hoosiers to register by mail for federal elections.

   a. Section 6 of the NVRA requires that the State Form "meet[] all of the criteria stated in" Section 9 of the NVRA. 52 U.S.C. § 20505(a)(2). Section 9 of the NVRA provides that the State Form for registering by mail "may require only such identifying information . . . and other information . . . as is necessary" for the State to assess voter eligibility. *Id.* § 20508(b)(1). Similarly, Section 4 of the NVRA requires Indiana to offer eligible citizens the option to register to vote for federal elections "simultaneously with an application for a motor vehicle driver's license" pursuant to the procedures set forth in Section 5. 52 U.S.C. § 20503(a)(1). Section 5, in turn, specifies that these simultaneous voter registration applications "may require only the minimum amount of information necessary to . . . enable State election officials to assess the eligibility of the applicant and to administer [the] voter registration." 52 U.S.C. § 20504(c)(2)(B)(ii). Plaintiffs intend to prove that all registered voters and applicants sufficiently provided "the minimum amount of information necessary" on their voter registration applications by affirming their U.S. citizenship. *Id.* Plaintiffs intend to prove further that, by requiring flagged registrants and applicants to provide DPOC, the Challenged DPOC Provisions compel registrants and applicants to provide

information that is not necessary for voter registration and is therefore inconsistent with Sections 5, 6, and 9 of the NVRA.

3. Section 7 of the NVRA requires Indiana to offer voter registration for federal elections at public assistance offices, disability assistance offices, and other state-designated offices. Those "office[s] that provide[] service or assistance in addition to conducting voter registration" are required to either use the Federal Form or a state registration form that is "equivalent" to the Federal Form. 52 U.S.C. § 20506(a)(6). The Federal Form deems an oath or affirmation of citizenship under penalty of perjury sufficient to establish citizenship of the registrant and does not require DPOC. Plaintiffs intend to prove that, by requiring that flagged registrants and applicants provide DPOC, the State Form is not equivalent to the Federal Form and is therefore inconsistent with Section 7 of the NVRA.

4. Section 8(b) of the NVRA mandates that voter roll maintenance programs "be uniform [and] nondiscriminatory." 52 U.S.C. § 20507(b)(1). Plaintiffs intend to prove that the Current-Voter Citizenship Crosscheck Requirement and the New-Registrant Citizenship Crosscheck Requirement violate Section 8(b) of the NVRA by requiring DPOC only from registrants or applicants who are naturalized or derived citizens flagged as having a temporary BMV credential, a requirement that no individuals who are born as U.S. citizens will face.

5. Title I of the CRA (the "Different Practices Provision"), prohibits applying "any standard, practice, or procedure different from the standards . . . applied . . . to other individuals . . . who have been found by State officials to be qualified to vote." 52 U.S.C. § 10101(a)(2)(A). Plaintiffs intend to prove that the Challenged DPOC

Provisions violate this provision by subjecting naturalized and derived citizens to different standards than individuals who are born as U.S. citizens. Only naturalized and derived citizens are flagged under the BMV crosscheck, required to provide DPOC, and face cancellation or rejection of their registration for non-compliance. This differential treatment violates the CRA's prohibition against applying different standards to similarly qualified voters.

6. The NVRA Public Records Provision requires states to make "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters" available for public inspection. 52 U.S.C. § 20507(i)(1). Plaintiffs sought individualized voter information expressly contemplated by Section 20507(i)(2); communications reflecting how election officials are implementing and applying the challenged provisions, which are "records concerning the implementation of programs and activities" within the meaning of Section 20507(i)(1); and documents relating to the Memorandum of Agreement between the Secretary of State and DHS-USCIS, which directly concern citizenship-verification practices integral to the challenged list-maintenance program. *See* Compl. ¶¶ 156-62, 173, 176, Dkt. 1. Plaintiffs intend to prove that Defendants violated the NVRA Public Records Provision by refusing to produce these records or providing only limited communications, despite the statute's "shall make available" command. *Id.*; 52 U.S.C. § 20507(i)(1)-(2).

## IV. Prayer for Relief

Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, and award the following relief:

i. Declare that the Challenged DPOC Provisions violate the National Voter Registration Act of 1993;

ii. Declare that the Challenged DPOC Provisions violate the Civil Rights Act of 1964;

iii. Preliminarily and permanently enjoin all Defendants from enforcing the Challenged DPOC Provisions;

iv. Require Defendants to issue and transmit official guidance instructing the registrar of voters in each county that the Challenged DPOC Provisions are enjoined and may not be implemented or enforced;

v. Order Defendants to promptly produce all requested records. This shall include, but not be limited to, the following:

   a. Individualized voter information for all registered voters who registered, received a 30-day notice, and provided DPOC;

   b. Individualized voter information for all registered voters who registered, received a 30-day notice, failed to provide DPOC, and who have now been removed from the rolls;

   c. Individualized voter information for all registered voters who registered, received a 30-day notice, failed to provide DPOC, and appealed their removal, including the status of these appeals;

   d. Individualized voter information for all registered voters who registered, received a 30-day notice that has yet to expire, and have yet to provide DPOC;

e. Individualized voter information for all registered voters who registered, have been flagged to receive a 30-day notice, but that notice has not yet been sent;

f. Individualized voter information for all individuals who attempted to register to vote, received a 30-day notice under the New-Registrant Citizenship Crosscheck Requirement and provided DPOC;

g. Individualized voter information for all individuals who attempted to register to vote, received a 30-day notice under the New-Registrant Citizenship Crosscheck Requirement and did not provide DPOC and therefore had their registration application rejected;

h. Communications between Defendants, county officials, and the BMV regarding the implementation of the Challenged DPOC Provisions; and

i. Records relating to the MOA;

vi. Order Defendants to continue to produce responsive records as the Challenged DPOC Provisions are implemented;

vii. Award Plaintiffs their costs, expenses, and reasonable attorneys' fees in this action;

viii. Retain jurisdiction over this matter until all Defendants have complied with all orders and mandates of this Court; and

ix. Grant Plaintiffs such other relief as this Court may deem just and proper.

Dated: August 26, 2026

Respectfully submitted,

*/s/ William R. Groth*

William R. Groth (Ind. Bar No. 7325-49)
Daniel Bowman (Ind. Bar No. 31691-49)
Bowman Legal Services, LLC

9292 N Meridian Street, Suite 311
Indianapolis, IN 46260
(317) 912-3220
daniel@bowmanlegalservices.com
wgroth@fdgtlaborlaw.com

*/s/ Aneel Chablani*
Aneel Chablani*
Ami Gandhi (Ind. Bar No. 38542-53)
Conner Kozisek*
Christina Beeler*
Chicago Lawyers' Committee for Civil Rights
25 East Washington Street, Suite 1300
Chicago, IL 60602
(312) 630-9744
achablani@clccrul.org
agandhi@clccrul.org
ckozisek@clccrul.org
cbeeler@clccrul.org

*/s/ Robert Weiner*
Robert Weiner*
Ryan Snow*
Grace Thomas*
Samantha Heyward*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8600
rweiner@lawyerscommittee.org
rsnow@lawyerscommittee.org
gthomas@lawyerscommittee.org
sheyward@lawyerscommittee.org

*Counsel for Plaintiffs*
*Appearing Pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, a copy of the foregoing was filed by use of the Court's electronic filing system. Parties may access this document through the Court's electronic filing system.

*/s/ William R. Groth*
William R. Groth (Ind. Bar No. 7325-49)